Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Anthony Assed

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Anthony Assed**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Circle K Stores, Inc.**, an Arizona corporation; and **Larry McFall,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Anthony Assed, for his Verified Complaint against Defendants, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claims are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff commenced employment with Defendants in Arizona on or around March 26, 2018 and currently remains a full-time employee.

10. At all relevant times, Plaintiff has been an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff has been an employee of Defendants as defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12. Defendant Circle K Stores, Inc. is a company, authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

13. Larry McFall is a district manager of the previously identified corporate entity and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Larry McFall had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants' corporate entity in relation to their employees, Larry McFall is subject to individual liability under the FLSA.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

17. Defendants are a convenience store.

18. On or around March 26, 2018, Plaintiff began employment with Defendants

as a cashier and was / is being paid a rate of $9.20 per hour.

19. Plaintiff's primary job duties include cashing out customers, stocking, cleaning, and other customer service duties.

20. At all relevant times, Plaintiff has been a non-exempt employee.

21. As a result of Plaintiff only receiving $9.20 per hour for all hours worked in a given workweek, an Arizona minimum wage violation has occurred.

22. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff his Arizona minimum wage.

23. Defendants were only compensating Plaintiff an overtime wage based on the rate of $9.20 per hour – therefore FLSA overtime violations have occurred.

24. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his owed overtime wages.

25. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

26. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for minimum wage and overtime hours Plaintiff worked.

27. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

29. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

30. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

31. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime wage.

32. Defendants have intentionally failed and/or refused to pay Plaintiff all overtime wages according to the provisions of the FLSA.

33. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

34. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

35. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated correct overtime wages for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

36. Defendants have not made a good faith effort to comply with the FLSA.

37. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

38. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

39. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

40. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

41. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

42. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Wage Statute.

45. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

48. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory

remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

　i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

　ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

　iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

　v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and/or treble damages pursuant to A.R.S. § 23-355 and A.R.S. § 23-364(g), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 7, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## VERIFICATION

Plaintiff Anthony Assed declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Anthony Assed*